EAGLE PENCIL COMPANY, Plaintiff, *v.* EUGENE B. BAEHR,
Defendant.*

Supreme Court, New York Special Term, April, 1922.

Injunction — when facts do not show unfair competition — sales by
plaintiff not due to trade mark or source of origin — dissimilar articles.

Plaintiff for many years has manufactured and sold a compass and divider pro-
tected by letters patent which have now expired.  Defendant is now importing
and selling a compass and divider which contains all the essential features of
plaintiff's article.  The appearance of both articles is notably similar so that
a casual and perhaps even a careful purchaser might not notice minor differences
between them.  The plaintiff's article has been sold in containers showing the
manufacturer, whose name is pressed on the article, about which there is nothing
else which in any way suggests a trade mark or source of origin.  The defend-
ant's article was sold without container or name of manufacturer.  *Held*, that
there being nothing in the moving papers to suggest that plaintiff's article has
been sold in any part because of its source as distinct from its utility or neat
appearance, which fact alone would be sufficient to justify the refusal of an
injunction, but further there being nothing in the use of the non-essential or
ornamental features of defendant's article to suggest to the public that it is
manufactured by plaintiff, a motion by plaintiff for an injunction will be denied.

MOTION for an injunction.

*Seasongood & Eager (Clifford Seasongood*, of counsel), for plaintiff.

*Cornell, Lockwood & Jefferey (John Lockwood*, of counsel), for
defendant.

LEHMAN, J.  The plaintiff has for many years manufactured
and sold a compass and divider which was protected by letters
patent which have now expired.  The defendant is now importing
and selling a compass and divider which contains all the essential
features of the compass and divider manufactured by the plaintiff,
but also many non-essential features, so that in spite of some minor
differences, the appearance of the two articles is noticeably similar,
and a casual, and perhaps even a careful, purchaser might not
notice the differences.  The plaintiff now seeks an injunction
against the continued importation and sale by the defendant of an
article on the ground that it so closely resembles the article manu-
factured by the plaintiff as to be calculated to deceive the public.

In the case of *Singer Mfg. Co.* v. *June Mfg. Co.*, 163 U. S. 169,
185, the court stated: " It is self-evident that on the expiration of
a patent the monopoly created by it ceases to exist, and the right
to make the thing formerly covered by the patent becomes public
property.  It is upon this condition that the patent is granted.
It follows as a matter of course, that on the termination of the
patent there passes to the public the right to make the machine

* Received too late for insertion in proper place.— [REPR.

*in the form* in which it was constructed during the patent." Italics are mine. This rule is so well established that no further argument or citation should be necessary to show that the defendant is entirely within his rights in selling the same article in the same form as the plaintiff has previously manufactured, subject, however, to one limitation laid down in the same case, viz., that he may not deceive the public into the belief that the article which he sells is manufactured by the same party which has previously had the sole right of manufacture and sale. In other words, the defendant has the right to sell the very same article manufactured and sold by the plaintiff, and, therefore, he has the right to tell the public in effect that it is the same article, but he has no right to tell the public in effect that it is not only the same article but is derived from the same source.

There are a number of cases where the courts have held that the use of similar containers or the inclusion in an article of ornamental, fanciful or non-essential features previously used in connection with a patented article are sufficient to induce a mistaken belief in the public that the source of the article is the same and constitutes unfair competition with the original manufacturer, and it is claimed that under the authority of these cases the defendant herein may be enjoined. It seems to me, however, that the present case is clearly differentiated from the cases on which the plaintiff relies. The plaintiff's article has been sold in containers showing the manufacturer, and the manufacturer's name is pressed on the article, and there is nothing else about the article which in any way suggests a trade mark or source of origin. The defendant's article is sold without container or name of manufacturer. There is nothing in the moving papers herein to suggest that the plaintiff's article has been sold " in any part because of its source as distinct from its utility or neat appearance," and in the case of *Crescent Tool Co.* v. *Kilborn & Bishop Co.*, 247 Fed. Rep. 299, this fact alone was held sufficient to justify the refusal of an injunction, and further in this case there is nothing in the use of the non-essential or ornamental features which suggests to the public that the article is manufactured by the plaintiff. Undoubtedly the defendant is seeking to obtain the benefit of the demand by the public for the patented article, and he has a right to obtain this benefit by filling the demand through the sale of the same article, even though the demand has been created by the plaintiff. The skill and ingenuity of the plaintiff in designing an article of utility and neat appearance pleasing to the public taste gives them no superior right to the article designed by them after the expiration of their letters patent. They have the right only to enjoin a

misrepresentation express or implied as to the source of the article, and I can find nothing in the present case to justify a finding that the non-essential features of the article copied by the defendant are intended to indicate or do indicate to the public that the article sold by the defendant is manufactured by the plaintiff. In view of this determination, it seems unnecessary to consider the other contentions raised by the defendant. Motion denied, with ten dollars costs.

Ordered accordingly.